IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
AUG 23 2019
CLERK, US DISTRICT COURT
NORFOLK, VA

CITY OF NORFOLK, VIRGINIA,
and NORFOLK CITY COUNCIL

    Plaintiffs,

v.                     Civil Action No:2:19cv00436
                          (AWA-DEM)

COMMONWEALTH OF VIRGINIA,
GEORGORY D. UNDERWOOD,
COMMONWEALTH'S ATTORNEY
for the CITY OF NORFOLK,
in his official capacity,
and MARK R. HERRING,
ATTORNEY GENERAL for the
COMMONWEALTH OF VIRGINIA,
in his official capacity,

    Defendants.

### MEMORANDUM OF LAW IN SUPPORT OF ROY L. PERRY-BEY AND RONALD M. GREEN'S MOTION TO INTERVENE

Roy L. Perry-Bey and Ronald M. Green respectfully submits this Memorandum of Law in support of its Motion to Intervene in this action filed by plaintiff City of Norfolk, Virginia and Norfolk City Council against defendants Commonwealth of Virginia, Gregory D. Underwood, Commonwealth's Attorney and Mark R. Herring, Attorney General. Roy L. Perry-Bey and Ronald M. Green moves pursuant to Federal Rule of Civil Procedure 24 to intervene as of right, or alternatively, by permission, to assert claims against the Commonwealth of Virginia under the First and Fourteenth Amendments to the United States Constitution, Article I § 12 of the Constitution of Virginia, and 42 U.S.C. § 1983.

**PRELIMINARY STATEMENT**

Roy L. Perry-Bey, and Ronald M. Green, alleges that the Commonwealth of Virginia (hereinafter "Commonwealth") has enacted legislation that purports to protect memorials related to wars and battles such as Norfolk's Confederate engraved flag Monument honoring the outlawed Confederacy but does in a way that abridges the fundamental privileges or immunities of the intervenor Plaintiffs, the content and presence of the City's statute depicting a Confederate engraved flag monument with a Seal of the Confederate States of America, conveys or compels Plaintiffs to believe its ideological message of White superiority, racial segregation and <u>racial hate message</u> of remembrance exclusively projected at intervenor Plaintiffs, being intentionally discriminated against based on their race or nationality, Moorish Americans, living, working, staying, traveling and touring Norfolk, they do not believe or wish to associate with, which speaks or coneys a mandatory preference for Caucasians, White supremacy, scientific racism, religious bigotry or racial segregation of members based on national origin, race, sex, religion, ethnic origin or previous condition of servitude, exposing them to racial violence, unlawfully depriving the intervenor Plaintiffs within its jurisdiction the equal protection of the laws, because the protection statute contains a content-based prohibition that operates to force or compel the City and its City Council to present a discriminatory government

sponsored or endorsed <u>racial hate speech</u> message on behalf of the 1861 outlawed <u>treasonous</u> Confederacy that is projected exclusively at the intervenor Plaintiffs on the basis of their their race in the form of the City's depicted Confederate engraved flag monument has subjected them to unequal protection of laws. *City of Cleburne Living Cir., Inc.,* 473 U.S. 432, 439 (1985); see *Hayden v. County of Nassau,* 180 F.3d 42, 48 (2d Cir. 1999).

McDonald v. Dunning, 760 F. Supp. 1156, 1160 (E.D. Va. 1991) (citing *Vinnedge v. Gibbs,* 550 F.2d 926, 928-29 (4th Cir. 1997)). See Exhibit(s) R,6 & 6*

The City of Norfolk, Virginia and Norfolk City Council's Confederate engraved flag Monument is an instrument for the City's speech, and the City has a constitutional right to use a monument to speak to the public. *Summum,* 555 U.S., at 470. That is not to say that a government's ability to express itself is without restriction. Constitutional and statutory provisions outside of the Free Speech Clause may limit government speech, and the Free Speech Clause itself may constrain the government's speech if, for example, the government seeks to compel private persons to convey the government's speech. *Summum,* supra, at 468.

**ARGUMENT**

**I. Roy L. Perry-Bey and Ronald M. Green Should Be Permitted to Intervene as of Right.**

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." Ohio State Conference of *NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); see *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). The intervenor Plaintiffs Roy L. Perry-Bey and Ronald M. Green meets each of these requirements for intervention as of right.

## Factual Background

Plaintiffs Roy L. Perry-Bey and Ronald M. Green are residents of the Cities of Newport News and Norfolk, respectfully. Plaintiffs have named as Defendants the Commonwealth of Virginia, Gregory D. Underwood, Commonwealth's Attorney of Virginia and Mark R. Herring, Attorney General of Virginia. Plaintiffs alleges that the Commonwealth has no compelling governmental interests in forcing the City and its City Council to depict a <u>racial hate message</u> projected at the intervenor Plaintiffs in the form of the City's Confederate engraved flag monument honoring the treasonous Confederacy "White supremacy" and divided loyalty and its Protection Statute violates the Constitution of both the United States and the Commonwealth of Virginia.

Plaintiffs allege that the Commonwealth of Virginia, *et al.*, has intentionally discriminated against them on the basis of their race, and that the City's depicted Confederate engraved flag monument honoring the 1861 treasonous Confederacy "White supremacy" when Virginia seceded from the Union and Richmond became Capital of the Confederacy, has subjected Plaintiffs to unequal protection of laws.

---

n. **TAKE JUDICIAL NOTICE**: Roy L. Perry-Bey and Ronald M. Green's intervention will not delay or prejudice the adjudication of any party's rights.

**A. Roy L. Perry-Bey and Ronald M. Green's Motion is Timely.**

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); see United States v. City of Detroit, 712 F.3d 925, 930-31 (6th Cir. 2013) (same).

Here, the case is still at the earliest stage. Commonwealth of Virginia, Gregory D. Underwood, Commonwealth's Attorney and Mark R. Herring, Attorney General of Virginia have neither answered nor moved to dismiss City of Norfolk, and Norfolk City Council's Complaint. No scheduling order has been entered. No factual or legal issues have been litigated. And the parties will not be prejudiced by Roy L. Perry-Bey and Ronald M. Green's intervention: Further, the Plaintiffs' experience with racial discrimination the Virginia Code § 15.2-1812 (hereinafter "the Protection Statute") will aid in the proper resolution of this litigation, not hamper it—a circumstance that

militates in favor of Roy L. Perry-Bey and Ronald M. Green's intervention.

**B. Roy L. Perry-Bey and Ronald M. Green Has a Substantial Legal Interest in the Subject Matter of This Case.**

The United States Court of Appeals for the Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); see also *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6thCir. 1987) ("'[I]nterest' is to be construed liberally."). No specific legal or equitable interest is required, see *Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

This litigation directly implicates Roy L. Perry-Bey and Ronald M. Green's interest in enforcing their Fourteenth Amendment rights. Effectuating Congress' desire to prohibit government actors from intentionally discriminating against them on the basis of their race and using a Protection Statute instrument to force the City and its City Council to depict a perpetual <u>racial hate</u> message projected at the intervenor Plaintiffs in the form of the City's Confederate engraved flag monument honoring the 1861 outlawed <u>treasonous</u> Confederacy "White supremacy" which has subjected them to unequal protection of laws.

This authority warrants Roy L. Perry-Bey and Ronald M. Green's intervention as of right in this case. *City of Cleburne Living Cir., Inc.,* 473 U.S. 432, 439 (1985); see *Hayden v. County of Nassau,* 180 F.3d 42, 48 (2d Cir. 1999). *McDonald v. Dunning,* 760 F. Supp. 1156, 1160 (E.D. Va. 1991) (citing *Vinnedge v. Gibbs,* 550 F.2d 926, 928-29 (4th Cir. 1997)).

**C. Intervention in this Case is Necessary to Protect Roy L. Perry-Bey and Ronald M. Green' Interest.**

Under the third intervention prong, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller,* 103 F.3d at 1247. "This burden is minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." Id.; see also *Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired").

**D. The Existing Parties Cannot Protect the Interest of Roy L. Perry-Bey and Ronald M. Green.**

Roy L. Perry-Bey and Ronald M. Green carries a minimal burden to show that the existing parties to this litigation inadequately represent Roy L. Perry-Bey and Ronald M. Green's interests. *Jordan v. Mich.* Conference of Teamsters Welfare Fund, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it 'may be'

inadequate." Id. (citations omitted) (emphasis added); see also *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a potential for inadequate representation.") (citation omitted) (emphasis in original). Roy L. Perry-Bey and Ronald M. Green satisfies this burden.

First, Roy L. Perry-Bey and Ronald M. Green has interests in safe guarding Plaintiffs rights, privileges or immunities secured under the First and Fourteenth Amendments to the United States Constitution, Article I § 12 of the Constitution of Virginia, and 42 U.S.C. § 1983 to advance the public interests in ending discrimination effected through government actors or use of Protection Statutes of the Commonwealth of Virginia. Second, the interests of Roy L. Perry-Bey and Ronald M. Green extends to all persons similarly situated should be treated alike who have been subjected to racial hate or discrimination. Mr. Perry-Bey and Mr. Green are Moorish Americans, and potential Plaintiffs of the Commonwealth of Virginia with a history of segregation, racial oppression and racial discrimination against Africans and their descendants such as intervenor Plaintiffs, does not represent the interests of racial minorities with an African bloodline. As such, intervention is necessary to protect Roy L. Perry-Bey and Ronald M. Green's interests in enforcing the Constitution to eliminate racial discrimination against individuals with African ancestry.

Based on these and similar grounds, federal district courts throughout the country have granted intervenor Plaintiffs' applications to intervene in cases alleging claims under the First and Fourteenth Amendments to the United States Constitution, Article I § 12 of the Constitution of Virginia, and 42 U.S.C. § 1983.

### II. Alternatively, Roy L. Perry-Bey and Ronald M. Green Should Be Allowed to Intervene By Permission and may also be granted leave to intervene by permission.

The Court may permit intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The same substantial interests that give Roy L. Perry-Bey and Ronald M. Green a right to intervene in this case under Rule 24(a)(2) support permissive intervention under Rule 24(b):

### CONCLUSION

For the foregoing reasons, Roy L. Perry-Bey and Ronald M. Green respectfully requests that the Court grant the Plaintiffs' Motion to Intervene.

Dated: August 23, 2019

_____  
MR. ROY L. PERRY-BEY  
89 LINCOLN STREET #1772  
HAMPTON, VIRGINIA 23669  
(917) 941-3352

_____  
MR. RONALD M. GREEN  
5540 BARNHOLLOW ROAD  
NORFOLK, VA 23502  
(757) 348-0436

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the foregoing was mailed postage paid USPS on this 23rd day of August, 2019, to Adam Daniel Melita, Deputy City Attorney, Law Department, City of Norfolk, 810 Union St. 9th Floor, City Hall Bldg. Norfolk, VA 23510.

_____  
MR. ROY L. PERRY-BEY  
89 LINCOLN STREET #1772  
HAMPTON, VIRGINIA 23669  
(918) 941-3352

_____  
MR. RONALD M. GREEN  
5540 BARNHOLLOW ROAD  
NORFOLK, VA 23502  
(757) 348-0436